IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL G. HOUSTON, <br>         Plaintiff, | C.A. No. 22-35 Erie |
| v. | District Judge Susan Paradise Baxter |
| GEICO ADVANTAGE INSURANCE COMPANY, <br>         Defendant. | |

## MEMORANDUM OPINION

**I.**     **INTRODUCTION**

Plaintiff Michael G. Houston initiated the present action on January 7, 2022, by filing a complaint against Defendant GEICO Advantage Insurance Company in the Court of Common Pleas of Erie County, Pennsylvania [ECF No. 1-1]. The action was subsequently removed to this Court pursuant to a Notice of Removal filed by Defendant on February 2, 2022 [ECF No. 1].

Plaintiff alleges that on June 30, 2018, at approximately 1:00 a.m., he was standing with his stepson on the sidewalk outside of his home when an intoxicated driver drove his vehicle onto Plaintiff's property and, after engaging Plaintiff in an argument, drove his vehicle forward in the direction of Plaintiff, causing Plaintiff to fall on cement stairs while attempting to get out of the way (ECF No. 1, at ¶¶ 8-11). The driver proceeded to collide with a telephone pole before fleeing the scene in his vehicle (Id. at ¶ 12). As a result of the incident, Plaintiff suffered physical and emotional injuries.

At the time of the incident, Plaintiff was insured by Defendant under an insurance policy providing underinsured motorist ("UIM") coverage in the amount of $100,000.00 per person and $300,000.00 per occurrence (Id. at ¶ 7). On July 3, 2018, Plaintiff placed Defendant on notice of

1

an underinsured motorist claim arising from the June 30, 2018 (Id. at ¶ 15). On July 6, 2021, Defendant consented to Plaintiff's settlement of the underlying liability claim in the amount of $15,000.00 (Id. at ¶ 16). Thereafter, on August 31, 2021, Plaintiff sent Defendant a demand for the UIM policy limits; however, Defendant failed to make any offer to settle Plaintiff's UIM claim. As a result, Plaintiff filed the instant lawsuit to recover monetary damages for breach of contract (Count I) and bad faith (Count II).

On February 21, 2022, Defendant filed a motion to dismiss Plaintiff's bad faith claim [ECF No. 3], which is presently pending before the Court. Plaintiff has filed a response and brief in opposition to Defendant's motion [ECF Nos. 6 and 7, respectively], to which Defendant has filed a reply brief [ECF No. 8]. This matter is now ripe for consideration.

## II. DISCUSSION

Defendant argues that Count II of the complaint merely recites conclusory allegations that are insufficient to state a cause of action upon which relief may be granted. The Court agrees.

"'To prevail in a bad faith insurance claim pursuant to [42 Pa. C.S.A.] Section 8371, a plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim.'" Gibson v. State Farm Mut. Auto Ins. Co., 994 F.3d 182, 190-91 (3d Cir. 2021), quoting Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 377 (Pa. 2017). However, "[a] complaint does not state a bad faith claim upon which relief can be granted where the bad faith claim is based only on 'bare-bones conclusory allegations' of bad faith." Kline v. Progressive Corp., 2019 WL 6875601, at *2 (M.D. Pa. Dec.

17, 2019) (quotation omitted); Satterfield v. Gov't Ins. Emp. Co., 2020 WL 7229763, at *2 (E.D. Pa. Dec. 8, 2020) (citing cases).

Here, Plaintiff makes the conclusory allegation that Defendant "has no reasonable basis for their refusal to pay the UIM benefits available to plaintiff" (Id. at ¶ 37), followed by a laundry list of purported violations of Pennsylvania's bad faith statute, 42 Pa. C.S.A. §8371 (Id. at ¶ 38(a)-(bb). Without reproducing Plaintiff's list here, it is sufficient to note that courts in this circuit have consistently held the same or similar list of violations to be conclusory, rather than factual. See, e.g., Peters v. GEICO Advantage Ins. Co. 2019 WL 3816929, at *3 (M.D. Pa. Aug. 14, 2019); Rickell v. USAA Cas. Ins. Co., 2018 WL 5809865, at *3 (M.D. Pa. Nov. 6, 2018); Smith v. State Farm Mut. Auto. Ins. Co., 506 Fed. Appx. 133, 136 (3d Cir. 2012); Elican v. Allstate Ins. Co., 2017 WL 6525781, at *5 (E.D. Pa. Dec. 21, 2017); Meyers v. Protective Ins. Co., 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017); Sypeck v. State Farm Mut. Auto Ins. Co., 2012 WL 2239730, at *3 (M.D. Pa. June 15, 2012). As a result, such allegations are not given credence for purposes of Defendant's motion. See Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir 2010) (explaining that the court should not assume that conclusory allegations are true and may disregard them).

The only factual allegations pertaining to Plaintiff's bad faith claim are that he provided Defendant with "medical records and other documentation" demonstrating the injuries and damages he suffered in the June 30, 2018 incident, as part of a demand package sent to Defendant on August 31, 2021, requesting the UIM policy limits, and that Defendant has inexplicably refused to pay the policy limits or to even make an offer to settle Plaintiff's claim, despite having in its possession all necessary information (ECF No. 1-1, at ¶¶ 32-36). Such factual allegations lack the specificity required to state a cognizable bad faith claim. See

Satterfield, 2020 WL 7229763, at *2; Clarke v. Liberty Mut. Ins. Co., 2019 WL 522473, at *5 (M.D. Pa. Feb. 11, 2019).

"'Although the court is not required to grant a plaintiff leave to amend in a non-civil rights case, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007), courts have routinely done so in cases like this one where a plaintiff's bad faith claim is dismissed for failure to state a claim upon which relief could be granted.'" Durdach v. LM Gen. Ins. Co., 2021 WL 84174, at *6 (M.D. Pa. Jan. 11, 2021), quoting Kline, 2019 WL 6875601, at *2 (citing cases). Accordingly, the Court will grant Plaintiff leave to file an amended complaint to state a bad faith claim upon which relief can be granted, if he is able to do so.

An appropriate Order follows.