**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL G. HOUSTON, | ) | |
| Plaintiff, | ) | C.A. No. 22-35 Erie |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | |
| GEICO ADVANTAGE INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff Michael G. Houston initiated the present action on January 7, 2022, by filing a complaint against Defendant GEICO Advantage Insurance Company in the Court of Common Pleas of Erie County, Pennsylvania [ECF No. 1-1]. The action was subsequently removed to this Court pursuant to a Notice of Removal filed by Defendant on February 2, 2022 [ECF No. 1].

This case arises out of a motor vehicle accident that occurred on June 30, 2018, outside of Plaintiff's home on West 22nd Street in Erie, Pennsylvania. Plaintiff alleges that he was standing with his stepson on the sidewalk outside of his home when an intoxicated driver drove his vehicle onto Plaintiff's property in the direction of Plaintiff, causing Plaintiff to fall on cement stairs while attempting to get out of the way. As a result of the incident, Plaintiff suffered physical and emotional injuries.

At the time of the incident, Plaintiff was insured by Defendant under an insurance policy providing underinsured motorist ("UIM") coverage in the amount of $100,000.00 per person and $300,000.00 per occurrence (Id. at ¶ 7). On July 3, 2018, Plaintiff placed Defendant on notice of an underinsured motorist claim arising from the June 30, 2018 (Id. at ¶ 15). On July 6, 2021,

1

Defendant consented to Plaintiff's settlement of the underlying liability claim in the amount of $15,000.00 (Id. at ¶ 16). Thereafter, on August 31, 2021, Plaintiff sent Defendant a demand for the UIM policy limits; however, Defendant failed to make any offer to settle Plaintiff's UIM claim. As a result, Plaintiff filed the instant lawsuit to recover monetary damages for breach of contract (Count I) and bad faith (Count II).

On February 21, 2022, Defendant filed a motion to dismiss Count II of the complaint, arguing that it merely recited conclusory allegations that were insufficient to state a cognizable claim of bad faith. On July 20, 2022, this Court entered an Order granting Defendant's motion and dismissing Count II of Plaintiff's complaint, without prejudice to Plaintiff's right to file an amended complaint restating his bad faith claim with required specificity, to the extent he was able to do so. [ECF No. 10].

On August 9, 2022, Plaintiff filed an amended complaint [ECF No. 11], which sets forth five (5) additional allegations at Count II (Id. at ¶¶ 28-30, 33, 40).

On August 11, 2022, Defendant promptly filed a motion to dismiss Count II of the amended complaint, once again arguing that Plaintiff's allegations fail to state a cognizable bad faith claim [ECF No. 13]. Plaintiff has filed a response [ECF No. 15] and brief [ECF No. 16] in opposition to Defendant's motion, to which Defendant has filed a two-page reply [ECF No. 17]. This matter is now ripe for consideration.

## II.   DISCUSSION

"'To prevail in a bad faith insurance claim pursuant to [42 Pa. C.S.A.] Section 8371, a plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim.'" Gibson v. State Farm Mut. Auto

Ins. Co., 994 F.3d 182, 190-91 (3d Cir. 2021), quoting Rancosky v. Washington Nat'l Ins. Co.,

170 A.3d 364, 377 (Pa. 2017). However, "[a] complaint does not state a bad faith claim upon

which relief can be granted where the bad faith claim is based only on 'bare-bones conclusory

allegations' of bad faith." Kline v. Progressive Corp., 2019 WL 6875601, at *2 (M.D. Pa. Dec.

17, 2019) (quotation omitted); Satterfield v. Gov't Ins. Emp. Co., 2020 WL 7229763, at *2 (E.D.

Pa. Dec. 8, 2020) (citing cases).

　　　　Here, Count II of Plaintiff's amended complaint largely contains the same allegations that

were previously held by this Court to be insufficient to state a cognizable claim of bad faith.

Indeed, the only additional allegation that provides further factual support for Plaintiff's bad faith

claim[1] is set forth at paragraph 40, as follows:

> Defendant has failed to effectively communicate with plaintiff regarding
> plaintiff's claim from the date of demand until the commencement of this
> action.

Plaintiff apparently believes the addition of this allegation is sufficient to correct the deficiency

in his bad faith claim in the original complaint. In support of this belief, Plaintiff cites the case of

Brown v. Progressive Ins. Co., 860 A.2d 493 (Pa. Super. 2004), in which, Plaintiff contends, the

Superior Court held that bad faith may be established by an insurance company's "'lack of good

faith investigation into fact[s]. and failure to communicate with the claimant.'" (ECF No. 16, at

p. 4 (emphasis added), citing Brown, 860 A.2d at 501, quoting Romano v. Nationwide Mut. Fire

Ins. Co., 646 A.2d 1228 (Pa. Super. 1994)). However, Plaintiff's characterization of the quoted

language as the Superior Court's "holding" is in error, as neither Brown, nor Romano, was

decided on this basis. Rather, the Brown court merely adopted the quoted language from the

---

[1] The other paragraphs added by Plaintiff set forth various legal standards applicable to bad faith claims (ECF No. 11, at ¶¶ 28-30), and Defendant's obligations under the terms of the insurance contract's underinsured motorist coverage (Id. at ¶ 33).

Romano court's parenthetical reference to language contained in the legal treatise, 3

Appleman, *Insurance Law & Practice* § 1612 at 368 (1967 & Supp.1991) ("bad faith means a

frivolous or unfounded refusal to pay, lack of good faith investigation into fact, and failure to

communicate with the claimant"). Romano, 646 A.2d at 1232.

 Instead, the cases that survive a motion to dismiss on this failure to communicate

allegation turn on repeated attempts to elicit a response from the insurer. For example, in both

Hart v. Progressive Preferred Ins. Co., 2017 WL 11485593, at *4 (W.D. Pa. Dec. 6, 2017)

(Mitchell, Mag. J.), and Padilla v. State Farm Auto Ins. Co., 31 F. Supp. 3d 671, 677 (E.D. Pa.

2014), the courts noted that the plaintiffs made specific allegations referencing their repeated

unsuccessful attempts to obtain a response from the defendant insurance carriers regarding their

claims for UIM benefits. Hart, at *2 (alleging that despite repeated demands, the defendant

insurance carrier failed to make any offer or pay any amount, and failed to provide any

explanation as to why it had not made an offer or evaluation of the claim); Padilla, 31 F.Supp.3d

at 676 (alleging that plaintiff made several requests for an evaluation of the plaintiff's claim over

the span of six months, yet defendant insurance carrier failed to respond); See also Rosenthal v.

American States ins. Co., 2019 WL 1354141, at *5 (M.D. Pa. Mar. 26, 2019)(when "courts have

found allegations that a defendant insurer failed to communicate with a plaintiff policyholder

regarding a claim to be a sufficient basis for a bad faith claim,… the complaints at issue alleged

specific facts regarding the plaintiffs' unsuccessful attempts to elicit such information from the

defendant insurers"); Blockus, et al. v. State Farm Mut. Auto. Ins. Co., 2011 WL 13221057, at

*9–10 (M.D. Pa. Mar. 15, 2011) (finding dismissal of bad faith claim appropriate when plaintiffs

failed to show repeated efforts to communicate with defendant in order to negotiate settlement).

Here, in contrast to those cases, although the amended complaint alleges that Plaintiff sent police and medical reports prior to a demand, it makes no allegations of any further efforts to engage Defendant after the demand was sent. The amended complaint simply alleges that Plaintiff sent a demand package to Defendant on August 31, 2021, requesting the UIM policy limits, yet, from the date of the demand until the commencement of this action (a period of approximately five months), Defendant has refused to pay or make any offer to settle the claim, without explanation. (ECF No. 11, at ¶¶ 35-39).

In Morrissey v. State Farm Fire & Cas. Co., 2014 WL 7232244 (E.D. Pa. Dec. 18, 2014), the court considered allegations substantially similar to those present in this case and made the following findings that this Court finds particularly appropriate:

> [Plaintiffs] have not provided factual information to show that the defendant lacked a reasonable basis for delaying payment of their benefits. They have not offered information about repeated attempts to negotiate with the defendant to which the defendant was non-responsive. They offer no facts to explain why the defendant's delay in settling was "arbitrary." They have not indicated that the insurer's investigation was unwarranted or inadequate. Instead, the plaintiffs simply assert that … the defendant acted in bad faith by "arbitrarily failing and refusing to settle [their] claims in good faith." While "[d]elay is a relevant factor in determining whether bad faith has occurred," Kosierowski v. Allstate Ins. Co., 51 F.Supp.2d 583, 588 (E.D.Pa.1999) (citing Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 234 (3d Cir.1997)), delay in itself is not a basis for a bad faith claim, if the insurer had a reasonable basis for the delay (citations omitted). The plaintiffs have offered no facts to show that the defendant lacked a reasonable basis for delaying the plaintiffs' settlement. Even assuming that defendant acted unreasonably in delaying payment of benefits, the plaintiffs have not offered evidence of the second prong. They have not provided facts to show that the defendant knew or disregarded a lack of a reasonable basis.

Morrissey, at *2.

Like the Plaintiffs in Morrissey, Plaintiff in this case has not alleged any facts identifying any follow-up communications with Defendant to request a response or an explanation for

Defendant's delay after the submission of his demand package, nor has Plaintiff alleged any facts indicating that Defendant's delay of approximately five months did not have a reasonable basis or that Defendant was not investigating the matter. Plaintiff simply objects to the Defendant's unexplained delay in paying or offering to settle the claim, and its alleged lack of communication. This is not enough to establish bad faith.

Accordingly, the Court concludes that Plaintiff's complaint does not set forth allegations sufficient to plead a cognizable bad faith claim and Count II of Plaintiff's claim will be dismissed. Since Plaintiff has already been given the opportunity to amend his complaint and has still failed to do so adequately, the Court finds that further amendment would be futile. Thus, the Court's dismissal of Count II will be with prejudice.

An appropriate Order follows.